CLAPP *v.* CLARK *et al.*

(*Circuit Court, S. D. New York.* February 5, 1892.)

1. EXECUTORS AND ADMINISTRATORS—SETTING ASIDE ASSIGNMENT OF TESTATOR.
   An executor may maintain a suit in equity to set aside a general assignment made, and judgment suffered, by testator, on the ground of incapacity, undue influence, and fraud against creditors, under Laws N. Y. 1880, c. 245, § 1, which provides that any executor may, for the benefit of creditors, disaffirm, treat as void, and resist all acts done, transfers and agreements made, in fraud of the rights of creditors.

2. SAME—EFFECT OF JUDGMENT SUFFERED BY TESTATOR.
   The assignment having failed, and the judgment standing alone not constituting an excessive preference of creditors, the statute has no application thereto; and therefore the bill should be dismissed as to the judgment.

In Equity. Suit by John H. Clapp, executor of George F. Damon, against William Clark and others.

*John H. Clapp, pro se.*

*Chas. B. Meyer,* for defendants.

WHEELER, J. This suit was brought to set aside a mortgage and general assignment made by the testator, and a judgment against him, for incapacity, undue influence, and fraud against creditors, and to have the preferences created by the mortgage and judgment, as parts of the assignment, limited to one-third of the value of the property.

Question is made about the right of the orator, as executor, to such relief, in either aspect. If the assignment was valid the property would vest in the assignee for the benefit of the creditors, and no right to it remained in the testator to pass to the executor; and he does not appear to have any interest to have the preferences, however created, cut down. That right would seem to remain to the creditors injured by the preferences.

But chapter 314 of the Laws of 1858 of New York, as amended by chapter 245 of the Laws of 1880, § 1, provides that "any executor * * * may, for the benefit of creditors or others interested in the estate, * * * disaffirm, treat as void, and resist all acts done, transfers and agreements made, in fraud of the rights of creditors. * * *" This seems to give the orator the full right to attack the conveyances and judgment.

Much and repeated consideration of the evidence leads to the conclusion that the testator was too much broken and too weak for the transaction of such business, and was overpersuaded, while in that condition, to execute the mortgage and assignment, unfairly to the other creditors; and that these instruments are for that reason invalid. The judgment appears to have been entered in the regular course of judicial proceedings for the recovery of a valid and just debt. Under such circumstances the lack of capacity would not avoid it, especially in a collateral proceeding. If the assignment should stand, the judgment might be avoided, as a part of it, to the extent that it would create too large a preference under the statutes of New York, limiting preferences in general assignments. Laws 1887, c. 503, § 30; *Berger* v. *Varrelmann*, (N. Y. App.) 27 N. E. Rep. 1065. But, as the assignment fails, this statute does not apply to the judgment; and it is left to stand as at common law, wherein the collection of a just debt is lawful, although other creditors may be left. *White* v. *Cotzhausen*, 129 U. S. 329, 9 Sup. Ct. Rep. 309. Upon these views the mortgage and assignment should be set aside, and the bill dismissed as to the judgment. As the defendants, who are plaintiffs in the judgment, and who are the real parties in interest, prevail as to part, the costs, which are discretionary in equity, should be to some extent apportioned. Let a decree be entered, setting aside the mortgage and assignment, and dismissing the bill of complaint as to the judgment, with two-thirds of his costs to the orator.